# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **WANDA COUNCILL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15CV00005 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DAMASCUS VOLUNTEER FIRE** | ) | By: James P. Jones |
| **DEPARTMENT, INC.,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Robert T. Copeland, Copeland Law Firm, P.C. Abingdon, Virginia, and Michael A. Bragg, Bragg Law, Abingdon, Virginia, for Plaintiff; Cameron S. Bell, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendant.*

In this diversity action, the plaintiff, Wanda Councill, seeks recovery for injuries she suffered when she tripped and fell on premises of the defendant, the Damascus Volunteer Fire Department, Inc. Following discovery, the defendant moved for summary judgment. The defendant argues that, pursuant to Virginia law, summary judgment is appropriate because the premises contained no defect, the plaintiff's claim is barred by her own contributory negligence, and/or the plaintiff assumed a known risk.

The Motion for Summary Judgment has been briefed, argued, and is ripe for decision. For the following reasons, summary judgment is denied.

I.

The following facts are taken from the summary judgment record.

On July 13, 2013, the plaintiff attended a bingo game being held at a building operated by the defendant.[1] She arrived at the building around 6:45 p.m. with her daughter, Pamela Laird, and her son-in-law, Michael Laird. Mr. Laird drove the trio to the bingo game, and parked the vehicle in the building's parking lot so that it was positioned by the front-right corner of the building, and faced the building's right side. Upon arriving at the bingo game, the plaintiff exited the vehicle and walked to the building's main entrance.

Around 7:30 p.m., the plaintiff helped her daughter, who was feeling ill, return to the vehicle. The plaintiff then went back to the bingo game. At this time, the area was still lit by daylight.

Shortly after 9:00 p.m., the plaintiff left the building to smoke a cigarette. While on this cigarette break, she walked to the vehicle to check on her daughter. After finishing her cigarette, the plaintiff began to walk toward the building's entrance. The route the plaintiff used to travel from the vehicle to the entrance was

---

[1] The plaintiff had been attending such games at the same location, with varying degrees of regularity, since 2011.

mostly dark because the sun had since set and the lights that were supposed to illuminate the area were not functioning.[2]

The plaintiff alleges that as she rounded the front-right corner of the building, she tripped on a white PVC pipe that was protruding from the ground.[3] She then fell to the ground and injured her head, left shoulder, left elbow, and middle finger. Two bystanders helped the plaintiff get off the ground and, eventually, return to the building. The plaintiff claims that the defendant violated the duty of care it owed to her as a business invitee because it did not keep the premises in a reasonably safe condition.

## II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To raise a genuine issue of material fact sufficient to avoid summary judgment, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most

---

[2] The plaintiff provided evidence that the subject area had previously been lit at night, but had not on the night in question. (Pl.'s Mem. in Opp'n Ex. 3, Lisa Wilson Dep. 26-29, ECF No. 35-3).

[3] The pipe is purportedly a cleanout pipe that is used to clean the downspout that is attached to the building's gutters.

favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

"In order for a defendant to prevail on a summary judgment motion based on an affirmative defense, the defendant must shoulder the burden usually allocated to a plaintiff moving for summary judgment: the defendant must adduce evidence which supports the existence of each element of its affirmative defense, and the evidence must be so powerful that no reasonable jury would be free to disbelieve it." *Herndon v. Mass. Gen. Life Ins. Co.,* 28 F. Supp. 2d 379, 382 (W.D. Va. 1998) (internal quotation marks and citations omitted).

III.

Virginia substantive law governs this diversity claim. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 78 (1938). Under that law, a land owner "must use ordinary care to keep his premises reasonably safe for an invitee, although he is not an insurer of the invitee's safety." *Tate v. Rice*, 315 S.E.2d 385, 388 (Va. 1984). "An invitee has a right to assume that the premises are reasonably safe for his lawful use, in the absence of information to the contrary." *Id*. "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he. . . (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it. . . ." *Id*. (alterations in original) (quoting Restatement (Second) of Torts § 343 (1965)).

-4-

A. Existence of a Defect.

The defendant first argues that summary judgment is appropriate because the defendant's premises contained no defect. "In premises liability cases, the plaintiff must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to establish a *prima facie* case of negligence." *Grim v. Rahe, Inc.*, 434 S.E.2d 888, 889 (Va. 1993). The defendant maintains that the pipe cannot be considered such a defect because it was "well-maintained, easily visible, rationally placed, and properly functioning." (Def.'s Mem. Supp. Mot. Summ. J. 5, ECF No. 32).

However, the defendant's argument focuses almost solely on the existence of the pipe, and ignores the premises' inoperative lights. The plaintiff says that these lights were supposed to illuminate the area where she fell, but were not functioning on the night of the bingo game. As such, the question is whether the pipe and inoperative lights, taken together (as the plaintiff encountered them), can be considered a defect.

The plaintiff has provided evidence showing that the defendant knew the lights were not functioning and appreciated the danger created by that condition. Therefore, I find that the plaintiff has made a prima facie showing that the defendant's failure to maintain lighting around the pipe created a condition that

was not reasonably safe, so the defendant's first basis for summary judgment must fail.

## B. Contributory Negligence.

The defendant next argues that summary judgment should be granted because the plaintiff's claim is barred by contributory negligence. The defendant says that the plaintiff was negligent because the pipe was open and obvious, the plaintiff was familiar with the area, and she chose to walk in the dark.

Under Virginia law, a plaintiff who falls and injures herself as the result of an open and obvious danger is guilty of contributory negligence and is barred from any recovery. *Scott v. City of Lynchburg,* 399 S.E.2d 809, 810 (Va. 1991). This principle holds true even when the plaintiff did not see the open and obvious defect. *See Rocky Mount Shopping Ctr. Assocs. v. Steagall,* 369 S.E.2d 193, 194 (Va. 1988).

The question is "whether [the] plaintiff failed to act as a reasonable person would have acted for [her] own safety under the circumstances." *Artrip v. E.E. Berry Equip. Co.,* 397 S.E.2d 821, 824 (Va. 1990). Thus, contributory negligence is ordinarily a factual issue for the jury to decide, unless reasonable minds could not differ as to the conclusion. *Estate of Moses v. Sw. Va. Transit Mgmt. Co.,* 643 S.E.2d 156, 160 (Va. 2007). It is an affirmative defense which the defendant must prove by a preponderance of the evidence. *Artrip,* 397 S.E.2d at 823.

-6-

The defendant argues that the white pipe was open and obvious because it contrasted with the red building located beside it. The defendant has also provided evidence that the pipe was roughly five inches in height. While these facts tend to support that the pipe was conspicuous during the day, there remains a dispute as to whether the pipe remained noticeable in the dark.

The defendant cites to *West v. City of Portsmouth*, 232 S.E.2d 763 (Va. 1977), to argue that because the plaintiff was familiar with the area around the pipe, she should have been aware of its existence. In *West*, the plaintiff was walking on a sidewalk when he became distracted and stepped in a hole, causing him to twist his foot and fall to the ground. *Id.* The man had lived in the area for twenty years, and was in the habit of walking on the sidewalk "four or five times a week." *Id.* at 765. On appeal, the Virginia Supreme Court noted the man's familiarity with the area. *Id.* at 766. However, the court held that the danger in that case was open and obvious. *Id.* 767. Thus, *West* does not hold that contributory negligence should be inferred when a defect is not open and obvious, merely because the plaintiff was familiar with the area.

In the present case, the plaintiff's familiarity with the area might impact the jury's analysis as to whether the plaintiff acted as a reasonable person, but I cannot say, as a matter of law, that such familiarity establishes the plaintiff's negligence. *See Maucione v. Merritt*, 69 Va. Cir. 1,2 (Va. Cir. Ct. 2005) (explaining that

plaintiff's familiarity with premises is one of many factors that should be considered when assessing whether plaintiff failed to maintain a proper lookout).

The defendant also relies on *Baker v. Butterworth*, 89 S.E. 849 (Va. 1916), and *Smith v. Wiley-Hall Motors*, 34 S.E.2d 233 (Va. 1945), to stand for the proposition that plaintiff was negligent by proceeding in the dark. A similar argument was made in *Colonial Natural Gas Co. v. Sayers*, 284 S.E.2d 599, 601 (Va. 1981). In *Sayers*, the tenant of an apartment complex was walking in the dark along a footpath that led to a neighboring apartment unit when he steped in a ditch and injured himself. *Id*. at 600. The tenant "acknowledged that the ditch would have been obvious to him in daylight and could have been seen by him at night if he had shined a flashlight in front of him." *Id*. On appeal of a jury verdict for the tenant, the Virginia Supreme Court distinguished the tenant's situation from *Baker*, which dealt with the "'complete' and 'utter darkness'" of an unlit hotel hallway, as opposed to the normal darkness of night. *Id*. at 601 (quoting *Baker*, 89 S.E. at 850). The *Sayers* court further distinguished *Smith* because the plaintiff in that case "was in an unfamiliar place walking into an area where he had no right to go" whereas "Sayers was on a familiar path where he had a right to be." *Id*. at 602. Accordingly, the *Sayers* court refused to hold, as a matter of law, that the tenant was guilty of contributory negligence, and held the question was properly submitted to the jury. *Id*.

-8-

I find that *Sayers* is more similar to the present case than *Baker* or *Smith*. While the plaintiff chose to walk in darkness, she was walking along a route that was commonly used by the defendant's invitees. The plaintiff's decision to walk in the dark would likely have been an inconsequential one if not but for the pipe. Therefore, I hold that the defendant has failed to show that summary judgment should be granted because the plaintiff's claim is barred by contributory negligence.

### C.     Assumption of the Risk.

Lastly, the defendant argues that the plaintiff assumed the risk of walking in an area that she knew presented a known danger. The doctrine of assumed risk requires that the plaintiff subjectively "sees, knows, understands and appreciates" the nature of a recognizable risk. *Amusement Slides Corp. v. Lehmann*, 232 S.E.2d 803, 805 (Va. 1977) (internal quotation marks and citation omitted). "Assumption of the risk is venturousness and has two requirements: the nature and extent of the risk must be fully appreciated and the risk must be voluntarily incurred." *Id*.

Clearly, the plaintiff was aware that the area was dark. However, there is a dispute of fact as to whether the plaintiff knew of the pipe. The defendant presented evidence that the plaintiff knew of a hosta plant that was located in the area, but such a plant certainly does not present the same kind of risk as a PVC pipe. The only other basis cited by the defendant in support of its assumption of

the risk argument is the plaintiff's familiarity with the area. As explained above, such familiarity does not prove, as a matter of law, that the plaintiff was aware of the pipe. Therefore, the defendant has not affirmatively shown that the plaintiff appreciated the danger that the area presented when she chose to walk through it, and the defendant's Motion for Summary Judgment must fail.

III.

For the foregoing reasons, it is **ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 31) is DENIED.

ENTER: October 19, 2015

/s/ James P. Jones
United States District Judge